**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ONSTREAM MEDIA CORPORATION, | ) |
| | ) |
| | )   Case No. 1:20-cv-00214-ADA |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| FACEBOOK, INC., | )   **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT FACEBOOK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Facebook, Inc., ("Facebook"), by and through its undersigned counsel, hereby respectfully demands a trial by jury on all issues so triable and submits this Answer and these Affirmative Defenses in response to the Complaint for Patent Infringement (the "Complaint") filed by Onstream Media Corporation ("Onstream"). To the extent not specifically admitted herein, the allegations of the Complaint are denied. Facebook denies any allegations that may be implied by the headings of the Complaint.

### NATURE OF THE ACTION

1.       Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, Facebook admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, but Facebook denies that there is any legal or factual basis for such action.

### PARTIES

2.       In response to paragraph 2, Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint and, on that basis, denies

them.

3.      In response to paragraph 3, Facebook admits that it is incorporated under the laws of the State of Delaware, has its corporate headquarters and principal place of business in Menlo Park, California.  Facebook otherwise denies the allegations in paragraph 3 of the Complaint.

4.      In response to paragraph 4, Facebook admits that it may be served with process through Corporation Service Company.

5.      In response to paragraph 5, Facebook admits the Texas Comptroller of Public Accounts website located at https://mycpa.cpa.state.tx.us/coa/ states that Facebook has been registered to do business in the state of Texas since April 2009 under the Texas SOS File Number 0801108427.

## JURISDICTION AND VENUE

6.      Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that the Complaint purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and that on that basis this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, but Facebook denies that there is any legal or factual basis for such action.

7.      Paragraph 7 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits for purposes of this action only that this Court has personal jurisdiction over it.  Facebook otherwise denies the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits for purposes of this action only that this Court has personal jurisdiction over it.  Facebook otherwise denies the allegations in paragraph 8 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

9.      Paragraph 9 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits for purposes of this action only that this Court has personal jurisdiction over it.  Facebook otherwise denies the allegations in paragraph 9 of the Complaint.

10.      Paragraph 10 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits for purposes of this action only that this Court has personal jurisdiction over it.  Facebook admits that it owns, manages, and operates facilities in this State and this judicial district.  Facebook admits that it employs Texas residents in this State and this judicial district.  Facebook otherwise denies the allegations in paragraph 10 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

11.      Paragraph 11 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook denies that venue is proper or convenient in this District.  Facebook otherwise denies the allegations in paragraph 11 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

12.      Paragraph 12 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that it currently has an office in Austin, TX, which is in this judicial district.

13.      Paragraph 13 contains legal conclusions to which no answer is required.  Facebook admits that it has a corporate office located at 607 W 3rd St., Austin, TX 78701.  Facebook otherwise denies the allegations in paragraph 13 of the Complaint.

14.      Facebook admits that it maintains an office location in Austin, TX.

15.     Facebook     admits     that     the     article     available     at
https://austin.curbed.com/2019/9/4/20849712/facebook-new-office-austin-open states:  "With the expansion, the Austin location became Facebook's fourth largest office."

16.     Facebook admits that it occupies 11 floors of office space at 607 W 3rd St., Austin, TX 78701.  Facebook otherwise is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17.     Facebook admits that it occupies 11 floors of office space at 607 W 3rd St., Austin, TX.  Facebook otherwise is without knowledge or information sufficient to admit or deny the allegations in paragraph 17 of the Complaint and, on that basis, denies them.

18.     Facebook     admits     that     the     article     available     at
https://austin.curbed.com/2019/9/4/20849712/facebook-new-office-austin-open     states     that Facebook employs more than 1,200 people in the city of Austin, TX.

19.     Paragraph 19 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that its office located at 607 W 3rd St. in Austin, TX includes signage.  Facebook otherwise denies the allegations in paragraph 19 of the Complaint.

20.     Facebook admits that it maintains or previously maintained property located at 11601 Alterra Pkwy., Austin, TX 78758 and 300 W 6th Street, Austin, TX 78701.  Facebook otherwise denies the allegations in paragraph 20 of the Complaint.

21.     Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint and, on that basis, denies them.

22.     Paragraph 22 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that is has a corporate office located in Austin, TX. Facebook otherwise denies the allegations in paragraph 22 of the Complaint.

23.     Facebook denies the allegations of paragraph 23 of the Complaint.

24.     Facebook admits that it maintains the website www.facebook.com/careers/. Facebook admits that the website www.facebook.com/careers/ has posted job advertisements for positions with the titles of: "Director, Product Surface Operations," "Director, Global Travel & Expense," "Director, Employee Experience," "HR Strategy & Planning Director," "Director, Small Business Sales Development," "Head of Workforce Analytics," "Engineering Manager, Global Operations Engineering," "Director, HR Technology," and "Director of Technical Program Management-Business Process & Technology."   Facebook otherwise denies the allegations in paragraph 24 of the Complaint.

25.     Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 25 of the Complaint and, on that basis, denies them.

26.     Paragraph 26 contains legal conclusions to which no answer is required.  To the extent as answer is required, Facebook admits that it makes Facebook Live available to interested users.  Facebook otherwise denies the allegations in paragraph 26 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

27.     Paragraph 27 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that it makes Facebook Live available to interested users.  Facebook otherwise denies the allegations in paragraph 27 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

28.     Paragraph 28 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that it makes Facebook Live available to interested users.  Facebook otherwise denies the allegations in paragraph 28 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

## UNITED STATES PATENT NO. 9,161,068

29.     Facebook admits that the face of the '068 patent bears the title "Remotely Accessed Virtual Recording Room" and bears an issue date of October 13, 2015.  Facebook admits that Exhibit 1 attached to the Complaint on its face purports to be a copy of the '068 patent.  Facebook otherwise denies the allegations in paragraph 29 of the Complaint.

30.     Paragraph 30 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook denies the allegations in paragraph 30 of the Complaint.

31.     Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint and, on that basis, denies them.

32.     Facebook admits that it is not presently aware of an express license from Onstream to Facebook of rights under the '068 patent.  Facebook is otherwise without knowledge or information sufficient to admit or deny the allegations in paragraph 32 of the Complaint and, on that basis, denies them.

33.     Facebook admits that the face of the '068 patent bears the title "Remotely Accessed Virtual Recording Room."  Facebook otherwise denies the allegations in paragraph 33 of the Complaint.

34.     Facebook admits that the language recited in paragraph 34 of the Complaint appears in the Specification of the '068 patent.  Facebook otherwise denies the allegations in paragraph 34 of the Complaint.

35.     Facebook admits that the language recited in paragraph 35 of the Complaint appears in the Specification of the '068 patent.

36.     Facebook admits that the language recited in paragraph 36 of the Complaint appears in the Specification of the '068 patent.

37.     Facebook denies the allegations in paragraph 37 of the Complaint.

## UNITED STATES PATENT NO. 9,467,728

38.     Facebook admits that the face of the '728 patent bears the title "Remotely Accessed Virtual Recording Room" and bears an issue date of October 11, 2016.  Facebook admits that Exhibit 2 attached to the Complaint on its face purports to be a copy of the '728 patent.  Facebook otherwise denies the allegations in paragraph 38 of the Complaint.

39.     Paragraph 39 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook denies the allegations in paragraph 39 of the Complaint.

40.     Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint and, on that basis, denies them.

41.     Facebook admits that it is not presently aware of an express license from Onstream to Facebook of rights under the '728 patent.  Facebook is otherwise without knowledge or information sufficient to admit or deny the allegations in paragraph 41 of the Complaint and, on that basis, denies them.

42.     Facebook admits that the face of the '728 patent bears the title "Remotely Accessed Virtual Recording Room."  Facebook otherwise denies the allegations in paragraph 42 of the Complaint.

43.     Facebook denies the allegations in paragraph 43 of the Complaint.

## UNITED STATES PATENT NO. 10,038,930

44.     Facebook admits that the face of the '930 patent bears the title "Remotely Accessed Virtual Recording Room" and bears an issue date of July 31, 2018.  Facebook admits that Exhibit 3 attached to the Complaint on its face purports to be a copy of the '930 patent.  Facebook otherwise denies the allegations in paragraph 44 of the Complaint.

45.     Paragraph 45 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook denies the allegations in paragraph 45 of the Complaint.

46.     Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Complaint and, on that basis, denies them.

47.     Facebook admits that it is not presently aware of an express license from Onstream to Facebook of rights under the '930 patent.  Facebook is otherwise without knowledge or information sufficient to admit or deny the allegations in paragraph 47 of the Complaint and, on that basis, denies them.

48.     Facebook admits that the face of the '930 patent bears the title "Remotely Accessed Virtual Recording Room."  Facebook otherwise denies the allegations in paragraph 48 of the Complaint.

49.     Facebook denies the allegations in paragraph 49 of the Complaint.

### UNITED STATES PATENT NO. 10,200,648

50.     Facebook admits that the face of the '648 patent bears the title "Remotely Accessed Virtual Recording Room" and bears an issue date of February 5, 2019.  Facebook admits that Exhibit 4 attached to the Complaint on its face purports to be a copy of the '648 patent.  Facebook otherwise denies the allegations in paragraph 50 of the Complaint.

51.     Paragraph 51 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook denies the allegations in paragraph 51 of the Complaint.

52.     Facebook is without knowledge or information sufficient to admit or deny the allegations in paragraph 52 of the Complaint and, on that basis, denies them.

53.     Facebook admits that it is not presently aware of an express license from Onstream to Facebook of rights under the '648 patent.  Facebook is otherwise without knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the Complaint and, on that basis, denies.

54.     Facebook admits that the face of the '648 patent bears the title "Remotely Accessed Virtual Recording Room."   Facebook otherwise denies the allegations in paragraph 54 of the Complaint.

55.     Facebook denies the allegations in paragraph 55 of the Complaint.

## CLAIMS FOR RELIEF

### Count I - Infringement of United States Patent No. 9,161,068

56.     Facebook incorporates each of its responses to paragraphs 1-55 as though fully set forth herein.

57.     Facebook admits that it is the developer, owner, and operator of certain aspects of Facebook Live.

58.     Paragraph 58 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that it makes Facebook Live available to interested users.   Facebook otherwise denies the allegations in paragraph 58 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

59.     Facebook denies the allegations in paragraph 59 of the Complaint.

60.     Facebook admits that Facebook Live is available as part of the Facebook application running on a mobile device.  Facebook otherwise denies the allegations of paragraph 60 of the Complaint.

61.     Paragraph 61 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 61 of the Complaint.

62.     Paragraph 62 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 62 of the Complaint.

63.     Paragraph 63 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 63 of the Complaint.

64.     Paragraph 64 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 64 of the Complaint.

65.     Paragraph 65 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 65 of the Complaint.

66.     Paragraph 66 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 66 of the Complaint.

67.     Paragraph 67 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 67 of the Complaint.

68.     Paragraph 68 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 68 of the Complaint.

69.     Paragraph 69 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 69 of the Complaint.

70.     Paragraph 70 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 70 of the Complaint.

71.     Paragraph 71 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 71 of the Complaint.

72.     Paragraph 72 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 72 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

73.     Paragraph 73 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 73 of the Complaint.

74.     Paragraph 74 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 74 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

75.     Paragraph 75 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 75 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

76.     Paragraph 76 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 76 of the Complaint.

77.     Paragraph 77 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 77 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

78.     Paragraph 78 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 78 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

79.     Paragraph 79 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 79 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

**Count II - Infringement of United States Patent No. 9,467,728**

80.     Facebook incorporates each of its responses to paragraphs 1-79 as though fully set forth herein.

81.     Facebook admits that it is the developer, owner, and operator of certain aspects of Facebook Live.

82.     Paragraph 82 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that it makes Facebook Live available to interested users.  Facebook otherwise denies the allegations of paragraph 82 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

83.     Paragraph 83 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 83 of the Complaint.

84.     Paragraph 84 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 84 of the Complaint.

12

85.     Paragraph 85 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 85 of the Complaint.

86.     Paragraph 86 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 86 of the Complaint.

87.     Paragraph 87 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 87 of the Complaint.

88.     Paragraph 88 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 88 of the Complaint.

89.     Paragraph 89 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 89 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

90.     Paragraph 90 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 90 of the Complaint.

91.     Paragraph 91 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 91 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

92.     Paragraph 92 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 92 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

93.     Paragraph 93 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 93 of the Complaint.

94.     Paragraph 94 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 94 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

95.     Paragraph 95 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations of paragraph 95 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

96.     Paragraph 96 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 96 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

### Count III – Infringement of United States Patent No. 10,038,930

97.     Facebook incorporates each of its responses to paragraphs 1-96 as though fully set forth herein.

98.     Facebook admits that it is the developer, owner, and operator of certain aspects of Facebook Live.

99.     Paragraph 99 contains legal conclusions to which no answer is required.  To the extent an answer is required, Facebook admits that it makes Facebook Live available to interested users.  Facebook otherwise denies the allegations in paragraph 99 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

100.    Paragraph 100 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 100 of the Complaint.

101.    Paragraph 101 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 101 of the Complaint.

102.    Paragraph 102 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 102 of the Complaint.

103.    Paragraph 103 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 103 of the Complaint.

104.    Paragraph 104 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 104 of the Complaint.

105.    Paragraph 105 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 105 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

106.    Paragraph 106 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 106 of the Complaint.

107.     Paragraph 107 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 107 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

108.     Paragraph 108 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 108 of the Complaint.

109.     Paragraph 109 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 109 of the Complaint.

110.     Paragraph 110 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 110 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

111.     Paragraph 111 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 111 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

112.     Paragraph 112 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 112 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

Count IV – Infringement of United States Patent No. 10,200,648

113.     Facebook incorporates each of the its responses to paragraphs 1-112 as though fully set forth herein.

114.     Facebook admits that it is the developer, owner, and operator of certain aspects of Facebook Live.

115.    Paragraph 115 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook admits that it makes Facebook Live available to interested users.  Facebook otherwise denies the allegations in paragraph 115 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

116.    Paragraph 116 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 116 of the Complaint.

117.    Paragraph 117 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 117 of the Complaint.

118.    Paragraph 118 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 118 of the Complaint.

119.    Paragraph 119 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 119 of the Complaint.

120.    Paragraph 120 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 120 of the Complaint.

121.    Paragraph 121 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 121 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

122.    Paragraph 122 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 122 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

123.    Paragraph 123 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 123 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

124.    Paragraph 124 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 124 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

125.    Paragraph 125 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 125 of the Complaint.

126.    Paragraph 126 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 126 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

127.    Paragraph 127 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 127 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

128.    Paragraph 128 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Facebook denies the allegations in paragraph 128 of the Complaint, and specifically denies that it has infringed or is infringing the patents-in-suit.

**JURY DEMANDED**

129.    Facebook does not object to Plaintiff's demand for a trial by jury of all issues so triable.  Additionally, Facebook respectfully demands a trial by jury of any and all issues so

triable.

## PRAYER FOR RELIEF

Facebook denies that Plaintiff is entitled to any relief sought in its Complaint or any relief whatsoever.

## GENERAL DENIAL

Facebook denies each and every allegation contained in the Complaint to which Facebook has not specifically responded to or expressly admitted above.

## AFFIRMATIVE DEFENSES

Facebook alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, Facebook specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.  For its affirmative defenses to the Complaint, Facebook alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
## (LACK OF STANDING)

Plaintiff's attempted enforcement of the '068, '728, '930, and/or '648 patents against Facebook is barred by lack of standing.

## SECOND AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT OF THE '068 PATENT)

Facebook is not infringing and has not infringed any valid, enforceable claim of the '068 patent either literally or under the doctrine of equivalents, or under any theory of infringement.

## THIRD AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT OF THE '728 PATENT)

Facebook is not infringing and has not infringed any valid, enforceable claim of the '728 patent either literally or under the doctrine of equivalents, or under any theory of infringement.

## FOURTH AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT OF THE '930 PATENT)

Facebook is not infringing and has not infringed any valid, enforceable claim of the '930 patent either literally or under the doctrine of equivalents, or under any theory of infringement.

## FIFTH AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT OF THE '648 PATENT)

Facebook is not infringing and has not infringed any valid, enforceable claim of the '648 patent either literally or under the doctrine of equivalents, or under any theory of infringement.

## SIXTH AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '068 PATENT)

One or more claims of the '068 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

## SEVENTH AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '728 PATENT)

One or more claims of the '728 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

## EIGHTH AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '930 PATENT)

One or more claims of the '930 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

### NINTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '648 PATENT)

One or more claims of the '648 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

### TENTH AFFIRMATIVE DEFENSE
### (EQUITABLE DEFENSES)

Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of laches, waiver, acquiescence, and/or equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### TWELFTH AFFIRMATIVE DEFENSE
### (LIMITATIONS ON DAMAGES/MARKING)

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (NO ATTORNEY'S FEES)

Plaintiff's claims for costs and attorney fees in this action do not meet the requirements of 35 U.S.C. § 285.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (RESERVATION OF AFFIRMATIVE DEFENSES)

Facebook hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that become applicable after the substantial completion of discovery or otherwise in the court of litigation.

Dated:  February 27, 2020

*/s/ Lisa K. Nguyen, with permission*
*by Michael E. Jones*

Michael E. Jones (Bar No. 10929400)
POTTER MINTON, P.C.
110 North College, Suite 500
Tyler, Texas 75702
Tel:  (903) 597-8311 | Fax: (903) 593-0846
mikejones@potterminton.com

*Of Counsel:*
Lisa K. Nguyen – Lead Counsel (*pro hace vice*)
Douglas E. Lumish (*pro hace vice*)
Richard G. Frenkel (*pro hace vice*)
Clara Wang (*pro hace vice*)
LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, California 94025
Tel:  (650) 328-4600 | Fax:  (650) 463-2600
Lisa.Nguyen@lw.com
Doug.Lumish@lw.com
Rick.Frenkel@lw.com
Clara.Wang@lw.com

Kyle A. Virgien (*pro hace vice*)
Allison K. Harms (*pro hace vice*)
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Tel:  (415) 391-0600 | Fax:  (415) 395-8095
Kyle.Virgien@lw.com
Allison.Harms@lw.com

Tiffany C. Weston (*pro hace vice*)
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel:  (202) 637-2200 | Fax:  (202) 637-2201
Tiffany.Weston@lw.com

*Attorneys for Defendant Facebook, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 27, 2020 all counsel of record who are deemed to have consented to electronic service were served with a copy of this document via the Court's CM/ECF System according to the applicable Federal Rules of Civil Procedure.

Raymond W. Mort, III
*raymort@austinlaw.com*
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault
*rdaignault@goldbergsegalla.com*
Chandran B. Iyer
*ciyer@goldbergsegalla.com*
Oded Burger
*oburger@ goldbergsegalla.com*
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Tel: (646) 292-8700

ATTORNEYS FOR PLAINTIFF
ONSTREAM MEDIA CORPORATION

*/s/ Michael E. Jones*