**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ONSTREAM MEDIA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 1:20-cv-00214-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| FACEBOOK, INC., | § | |
| | § | |
| Defendant. | § | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, and marketing and sales information ("Protected Material");

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

1

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5      <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6      <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party and whose responsibilities involved the accused products or the patented technology, (3) at the time of retention, is not anticipated to become an employee of a Party and whose responsibilities will involve the accused products or the patented technology, and (4) in the case of anyone to whom HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –

SOURCE CODE may be shown, has been cleared through the disclosure/objection process set forth in section 7.5.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.12     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be in the public domain. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information. Such information is explicitly included in the definition of "Protected Material" set forth in Paragraph 2.15 above. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

            (a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b) for testimony given in deposition or other pretrial or trial proceedings that the Designating Party either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that was not designated on the record pursuant to the first paragraph of section 5.2(a) above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes

that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall have 14 days to submit the issue to the Court for a determination in accordance with the Court's discovery dispute procedures.  The disputed information shall remain Protected Material unless and until the Court orders otherwise.  Failure to submit the issue to the Court within 14 days shall constitute a termination of the status of such item as Protected Material.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to submit the issue to the Court for a determination to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, (1) witnesses  of the Designating Party who have been designated by the Designating Party to testify pursuant to Rule 30(b)(6), or (2) the Designating Party consents to the disclosure.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) during their depositions, (1) witnesses  of the Designating Party who have been designated by the Designating Party to testify pursuant to Rule 30(b)(6) or (2) the Designating Party consents to the disclosure. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to three Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants (but not mock jurors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) during their depositions, (1) witnesses of the Designating Party who have been designated by the Designating Party to testify pursuant to rule 30(b)(6), or (2) the Designating Party consents to the disclosure. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3 and 7.4 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches

11

a copy of the Expert's current resume, (4) identifies the Expert's current employer(s) and any known future employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection.  If no agreement is reached, the Party objecting to the disclosure to the Expert shall have 14 days to submit the issue to the Court for a determination in accordance with the Court's discovery dispute procedures.  The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.  Upon timely submission to the Court for determination, no disclosure

of Protected Material shall be made to the disputed Expert unless and until the Court enters an order allowing disclosure to the disputed Expert.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents-in-suit (i.e., recording streamed media on a server and sharing that recorded media from the server), as well as the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information to which access is received, where the prosecution activity impacts the claim scope, including without limitation such activities relating to the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include participating or assisting in challenging or defending any patents pertaining to the field of the invention of the patents-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review), provided that such participation or assistance shall not, directly or indirectly, include advising, consulting, suggesting, preparing, drafting, or amending patent claim language or specifications at issue. This Prosecution Bar shall begin when access to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end one (1) year after final termination of this action.

9.      SOURCE CODE

      (a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

      (b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

      (c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party or another mutually agreed upon location.  The computer containing source code will be made available upon reasonable notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection.  The source code shall be made available for inspection on a secured computer in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving

Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the room to view the Source Code and when they enter and depart.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed Source Code shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting. Within five (5) business days of such request, the Producing Party shall provide one copy of all such source code on non-copyable paper, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." If the request is served after 5:00 pm Pacific Time, it shall be deemed served the following business day. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. In no case may the Receiving Party request more than 25 consecutive pages, or an aggregate of more than 250 pages,  of Source Code during the duration of the case without prior written approval of the Producing Party.

(e)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing

Party.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  To the extent a deposition taking place at Latham & Watkins LLP's office in Menlo Park, California is likely to involve Facebook's source code, the Party taking the deposition shall provide at least five (5) business days written notice of that fact, and the Facebook will make a source code computer available at the deposition, minimizing the need for additional paper copies of source code.  To the extent a deposition taking place elsewhere is likely to involve source code, the Party taking the deposition shall provide at least eight (8) business days written notice of that fact, and Facebook will make a source code computer available at the deposition, by electing either to make a source code computer available at the noticed location for the deposition or to arrange for the deposition to take place at Latham & Watkins LLP's office in Menlo Park, California with a source code computer available, minimizing the need for additional paper copies of source code.  The Producing Party is not required to create a new Source Code Computer for the purpose of depositions.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

(f)     The Producing Party shall install tools that are sufficient for viewing the code produced. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its

review of the Source Code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.

(g)     No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(h)     Notwithstanding the foregoing, the Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take notes relating to the Source Code on paper, computer, or a tablet, but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself. To the extent the Receiving Party desires to take notes electronically (computer or tablet), the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the source code computer, that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and has image making functionality of any type disabled, including but not limited to camera and video functionality) ("note-taking computer") with a current, widely used word processing program in the source code review room for the Receiving Party's use in taking such notes.  The note-taking computer shall have disk-encryption and be password protected.  The note-taking computer shall be used for the sole purpose of note-taking and shall be retained by the Producing Party.  The Producing Party will instruct the Receiving Party on how to start, log on to, and operate the note taking computer.  The Receiving Party will save any notes taken on the note taking computer to a folder labeled "Source Code Notes."  Such notes shall be designated as and treated as HIGHLY-

CONFIDENTIAL – SOURCE CODE material, and shall be treated as copies of source code as set forth in Section 9(d)-(f), except that at the end of each day of source code inspection, under the supervision of the Producing Party, such notes shall be saved on a removable encrypted and password protected drive supplied by the Producing Party and given to the Receiving Party to retain.  Such notes shall be limited to a total of one hundred (100) pages for the Receiving Party (for the case, not per inspection). In the event this limit is inadequate for the Receiving Party, the Parties agree to negotiate in good faith to establish a reasonable extension of that limit.  The Producing Party will thereafter delete or destroy the electronic notes on the note-taking computer, without reviewing the substance of the notes.  The note-taking computer shall have no features that will hinder the complete clearing of the Receiving Party's notes after such notes have been printed or downloaded.  The Producing Party will not review the Source Code Notes, will not log key strokes with respect to the note taking, and will not otherwise attempt to discover the Receiving Party's work product related to the source code review.  Except as provided expressly in this paragraph, use or possession of any recordable media or recordable devices during the inspection by anyone other than the Producing Party is prohibited.

Any such notes shall not include copies or reproductions of the source code, but may refer to files, functions, variables, names, or other identifiers from the source code. The Receiving Party will be entitled to password protect the Source Code Notes folder and/or Word documents contained therein.

The Parties agree that if there are any disputes regarding the Receiving Party's notes, all notes taken by the Receiving Party shall be subject to *in camera* review to ensure compliance with this Protective Order.

(i)	The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not

in use. No more than a total of three (3) persons[1] identified by the Receiving Party, excluding Outside Counsel, shall have access to the Source Code.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

---

[1]  For the purpose of this provision, a "person" does not include an individual's employees, staff, partners, consultants, or any other direct or indirect reports.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

        LITIGATION

        (a)     The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

information produced by Non-Parties in connection with this litigation is protected by the remedies

and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting

a Non-Party from seeking additional protections.

        (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

Party's confidential information in its possession, and the Party is subject to an agreement with the

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        1.      promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

and

        2.      promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

the information requested.

        (c)     If the Non-Party fails to object or seek a protective order from this court within a

reasonable period of time after receiving the notice and accompanying information, including but

not limited to any contractual notice period in an agreement between the Producing Party and the

Non-Party covering the confidentiality and/or disclosure of the information requested, the

Producing Party may produce the Non-Party's confidential information responsive to the discovery

request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce

any information in its possession or control that is subject to the confidentiality agreement with

the Non-Party before a determination by the Court.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The parties have agreed to abide by a 502(d) (clawback) stipulation that will be filed as a separate document.

14.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Export Control.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means

21

outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

14.5    <u>Privilege Logs.</u>  No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint.  The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of source code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

DATED:  September 10, 2020

*/s/ Chandran B. Iyer with permission, by Michael E. Jones*

Raymond W. Mort, III
*raymort@austinlaw.com*
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault
*rdaignault@goldbergsegalla.com*
Chandran B. Iyer
*ciyer@goldbergsegalla.com*
Oded Burger
*oburger@ goldbergsegalla.com*
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Tel: (646) 292-8700

*Attorneys for Plaintiff*
*Onstream Media Corporation*

*/s/ Lisa K. Nguyen with permission, by Michael E. Jones*

Michael E. Jones (Bar No. 10929400)
POTTER MINTON, P.C.
110 North College, Suite 500
Tyler, Texas 95702
Tel:  (903) 525-2239 | Fax: (903) 593-0846
mikejones@potterminton.com

*Of Counsel:*
Lisa K. Nguyen – Lead Counsel
Douglas E. Lumish
Richard G. Frenkel
Clara Wang
LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, California 94025
Tel:  (650) 328-4600 | Fax:  (650) 463-2600
Lisa.Nguyen@lw.com
Doug.Lumish@lw.com
Rick.Frenkel@lw.com
Clara.Wang@lw.com

Kyle A. Virgien
Allison K. Harms
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Tel:  (415) 391-0600 | Fax:  (415) 395-8095
Kyle.Virgien@lw.com

Allison.Harms@lw.com

Tiffany C. Weston
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel:  (202) 637-2200 | Fax:  (202) 637-2201
Tiffany.Weston@lw.com

*Attorneys for Defendant Facebook, Inc.*

IT IS SO ORDERED, this _____ day of _____ 20__.


_____
THE HONORABLE ALAN D. ALBRIGHT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ONSTREAM MEDIA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 1:20-cv-00214-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| FACEBOOK, INC., | § | |
| | § | |
| Defendant. | § | |

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Texas in the case of *Onstream Media Corporation v. Facebook, Inc.*, Case No. 1:20-cv-00214-ADA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____